Filed 7/28/26  P. v. McClure CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERRY MCCLURE,<br><br>    Defendant and Appellant. | D085060<br><br><br><br>(Super. Ct. No. SCD302775) |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

Eric Multhaup, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Eric A. Swenson and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

Terry McClure appeals the order suspending imposition of sentence and placing him on probation after a jury found him guilty of driving under the influence of a drug and possession of a firearm by a felon.  He claims the trial court prejudicially erred by excluding as hearsay statements and related

conduct that he contends indicated surprise when a police officer told him a firearm was found in the car he had just crashed. We affirm the order.

## I.

## A.

Clara Phillips was at home in bed when she heard a car crash on her lawn. She called 911.

Police officers Carlo Dumaplin and Philippe Montayre responded to the call. Dumaplin saw McClure standing unsteadily alongside the car and suspected he was under the influence of alcohol or a drug. He asked McClure for his driver's license, vehicle registration, and proof of insurance. McClure said they were in the car. Montayre tried to get the items from the glove box but found it was locked. He asked where the key was, and McClure responded it was on top of the car. After getting the key, Montayre unlocked the glove box and found a handgun. McClure was arrested. The firearm was not submitted for DNA or fingerprint tests.

Juan Perez, a police officer assigned to investigate DUI-related collisions, was summoned to the scene. Perez found McClure sitting in the back of a police patrol car with bloodshot and watery eyes, smelling of alcohol, and unable to follow instructions for a field sobriety test. McClure admitted he had been drinking alcoholic beverages and consented to a blood test. When the blood was drawn at the police station, he admitted he had consumed phencyclidine that day. The blood tested positive for that drug.

McClure agreed to talk to Perez about the crash. When Perez said he had some questions about the gun found in the car, McClure interrupted and asked, "'A firearm?'" Perez then said, "'Yeah. There was a gun inside your car.'" McClure asked, "'There was?'" Perez answered, "'Yes.'" McClure said, "'Huh.'"

B.

The People charged McClure with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), possession of an assault weapon (§ 30605(a)), and driving under the influence of a drug (Veh. Code, § 23152(f)).  He pled not guilty to all charges.  The case proceeded to a jury trial.

McClure filed a motion in limine to admit his statements in response to Perez's report that a firearm had been found in the car.  He argued the statements were admissible as spontaneous statements (Evid. Code, § 1240) and to show their effect on the hearer, namely, the negligent failure of law enforcement to submit the firearm for DNA or fingerprint tests, which he says should have been done based on his denial of knowledge of the gun.  The trial court ruled the statements were inadmissible hearsay and denied the motion.

During cross-examination of Perez at trial, defense counsel broached the topic of McClure's response to being "confronted with the firearm."  When the prosecutor made a hearsay objection, defense counsel responded, "I'm only going to ask about his actions."  The court directed defense counsel to ask her question.  She asked whether McClure "was surprised when [Perez] mentioned a firearm."  The court sustained the People's objections that the question called for hearsay and speculation.

McClure stipulated he had a prior felony conviction.

In closing argument, the prosecutor urged the jury to find McClure guilty of possession of a firearm by a felon and argued:

> So what evidence do you have?  There's no one else there.  It's just him.  He had the keys to the car.  The wallet was in the driver's side; he told the officers where it was.  He was the driver of the car.  It's his car.  It's his glove box; his locked, broken glove

3

box.  He gets out of the passenger side of the car.  Everything in
this case, and what the officers concluded on the scene that night,
everything points to one simple, reasonable conclusion: it's his
gun.  There's nothing to suggest otherwise.  Everything points to
the fact that it's his and that he knew it was there.

McClure argued there was reasonable doubt he knew the gun was in the car

because: (1) he admitted to consuming alcohol and phencyclidine and allowed

police to access the glove box, but never admitted knowing the gun was there;

and (2) police failed to test the gun for DNA or fingerprints.  In rebuttal, the

prosecutor argued the evidence sufficed to prove guilt beyond a reasonable

doubt, but if jurors were not convinced without DNA or fingerprints they

should vote not guilty.

During deliberations the jury sent a note requesting clarification on the

knowledge element of the charge of possession of an assault weapon.  The

trial court responded that to find McClure guilty of that charge, the jury had

to find he knew or reasonably should have known "the characteristics [of the

firearm] make it an assault weapon, not just that he knew the weapon

possessed those characteristics."

The jury found McClure guilty of possession of a firearm by a felon and

of driving under the influence of a drug but not guilty of possession of an

assault weapon.  The court suspended imposition of sentence and placed him

on probation for two years.

## II.

McClure seeks reversal of the firearm conviction.  He complains the

trial court's exclusion of evidence of his surprised reaction to being told a

handgun had been found in his car violated both California evidence law and

his federal constitutional right to present a defense.  He contends the

evidence was admissible and its exclusion was prejudicial.  We need not

4

decide whether the evidence was admissible, because even if it were, its exclusion was harmless.

When a trial court erroneously applies the rules of evidence to exclude some evidence that a defendant seeks to present but does not entirely refuse to allow the defendant to present a defense, prejudice is evaluated under the miscarriage-of-justice standard for state law error prescribed by *People v. Watson* (1956) 46 Cal.2d 818, 836, not under the beyond-a-reasonable-doubt standard for federal constitutional error prescribed by *Chapman v. California* (1967) 386 U.S. 18, 24. (*People v. Fudge* (1994) 7 Cal.4th 1075, 1102–1103.) Under the miscarriage-of-justice standard, erroneous exclusion of evidence warrants reversal of a judgment only when the reviewing court concludes, based on an examination of the entire cause, including the evidence, that it is reasonably probable the appellant would have obtained a more favorable result absent the error. (Cal. Const., art. VI, § 13; *Watson*, at p. 836.)

McClure contends the exclusion of evidence of his surprise at being told a gun was found in his car was prejudicial because "this was a close case as to the element of knowledge of the presence of the firearm" and the exclusion deprived him of the "strongest argument against the jury finding beyond a reasonable doubt that [he] had [such] knowledge." We disagree.

The case was not close as to whether McClure knew the firearm was in his car. Knowledge of possession is an essential element of the offense of possession of a firearm by a felon (*People v. Kim* (2011) 193 Cal.App.4th 836, 846) and may be proved by circumstantial evidence (*People v. Cordova* (1979) 97 Cal.App.3d 665, 669–670). Strong circumstantial evidence that McClure had the requisite knowledge was presented at trial. Montayre found the firearm inside the locked glove box of McClure's car. McClure had just been driving the car, had the key to the glove box, and had no passengers. No

5

evidence was presented that anybody else had recently driven or been in the car or had a key to the glove box. On this record, the inference that McClure knew about the firearm was compelling.

The strength of the evidence supporting that inference would not have been substantially diminished by admission of the evidence of McClure's surprised reaction to being told a firearm had been discovered in his car. McClure never clearly denied the firearm was his or that he knew it was in the car. On this record, absent any evidence that the handgun belonged to someone else, a reasonable jury likely would have viewed McClure's ambiguous and self-serving responses ("'A firearm?'" and "'There was?'") as feigned. Considering the weakness of the excluded evidence, we conclude it is not reasonably probable the jury would not have found McClure guilty of possession of a firearm by a felon had the evidence been admitted. (*Watson*, 46 Cal.2d at p. 836.)

We are not persuaded to conclude otherwise based on the jury's question and acquittal on the charge of possession of an assault weapon. Questions from the jury or acquittal on some charges may indicate a case was close. (See, e.g., *People v. Diaz* (2014) 227 Cal.App.4th 362, 384–385 [jury asked two questions, requested readback of testimony and arguments, deliberated for a long time, and reported multiple deadlocks]; *People v. Pearch* (1991) 229 Cal.App.3d 1282, 1295 [jury asked multiple questions and requested readback of multiple witnesses' testimony]; *People v. Perry* (1985) 166 Cal.App.3d 924, 933 [jury acquitted defendant on some counts after deliberating for four days].) Such circumstances do not always indicate a close case, however, and each case must be evaluated on its own facts. The clarification the jury requested does not suggest uncertainty about the issue to which the excluded evidence related, namely, whether McClure knew the

firearm was in his car. Rather, the request suggests uncertainty about what knowledge of the characteristics of the firearm was required for conviction of possession of an assault weapon. The jury would have had no need to consider that additional knowledge had it determined McClure did not know the firearm was in his car. The acquittal on the count for possession of an assault weapon suggests the jury was not convinced beyond a reasonable doubt that he had the specific knowledge required for conviction of that offense. It suggests no uncertainty about whether McClure knew the firearm was in his car, the knowledge required for conviction of possession of a firearm by a felon.

Finally, we reject McClure's claim that prejudice is strongly indicated by the prosecutor's "exploitation" in closing argument of the trial court's erroneous exclusion of evidence of his surprised reaction to being told of the discovery of the gun in his car. After summarizing evidence tending to show the firearm belonged to McClure, the prosecutor argued, "There's nothing to suggest otherwise." Under the cases McClure cites, such an argument would indicate prejudice if "the excluded evidence would have strengthened the defense considerably" and was "critical to the jury's proper understanding of the case" (*People v. Minifie* (1996) 13 Cal.4th 1055, 1071, 1072) or if the prosecutor had gone "beyond the bounds of any acceptable conduct" by falsely arguing there was no evidence of a "very significant" fact that would have supported the defense even though the prosecutor had seen official documents that clearly established the fact (*People v. Varona* (1983) 143 Cal.App.3d 566, 568, 570). No such misconduct occurred at McClure's trial, and the excluded evidence was ambiguous and weak. Neither *Minifie* nor *Varona* supports a finding of prejudice.

7

## III.

We affirm the order suspending imposition of sentence and granting probation.

CASTILLO, J.

WE CONCUR:

BUCHANAN, Acting P. J.

RUBIN, J.